```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
EDWARD MARZOCCHI,

                                Plaintiff,

              -against-

SELECTIVE INSURANCE COMPANY
OF NEW YORK,

                                Defendant.
----------------------------------------------------------X
```

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   MAY 29 2014   ★

LONG ISLAND OFFICE

MEMORANDUM AND ORDER

CV 14-1026

(Wexler, J.)

APPEARANCES:

    BLODNICK FAZIO & ASSOCIATES, P.C.
    BY:    EDWARD K. BLODNICK, ESQ.
           STEVEN R. TALAN, ESQ.
    Attorneys for Plaintiff
    1325 Franklin Avenue, Suite 375
    Garden City, New York 11530

    NIELSEN, CARTER & TREAS, LLC
    BY:    GINO FORTE, ESQ.
    Attorneys for Defendant
    3838 North Causeway Boulevard, Suite 2850
    Metairie, Louisiana 70002

    CONWAY, FARRELL, CURTIN & KELLY, P.C.
    BY:    GAIL M. KELLY, ESQ.
    Attorneys for Defendant
    48 Wall Street, 20th Floor
    New York, New York 10005

WEXLER, District Judge:

Before the Court is the Plaintiff's motion to remand this action back to New York Supreme Court, Nassau County, from where it was removed by Defendant, on the grounds that

there is no federal jurisdiction present here. Defendant opposes Plaintiff's motion. For the following reasons, Plaintiff's motion is denied.

## BACKGROUND

The Plaintiff, Edward Marzocchi, is the owner of the premises located at 2543 Ocean Avenue in Seaford, New York, which suffered extensive damage as a result of Hurricane Irene on August 28, 2011. (Blodnick Aff. ¶ 3.) In connection with that loss, Plaintiff has another action currently pending before the Court seeking payment under the flood insurance policy he purchased from Defendant Selective Insurance Company of New York. (Id. ¶ 5.)

On January 31, 2014, Plaintiff commenced the within action in New York Supreme Court, Nassau County, by the filing of a Summons with Notice. The Summons with Notice filed by Plaintiff merely states the following: "This is an action seeking recovery for fraud sustained from Defendant falsely representing it was selling flood insurance as an insurance company when in fact it was acting as agent for an undisclosed principal." (Not. of Removal, Ex. A.)

On February 18, 2014, Defendant removed the action to this Court, asserting that federal jurisdiction exists pursuant to 42 U.S.C. § 4702, which is part of the National Flood Insurance Act (the "NFIA") and governs any disputes thereunder. As of yet, no Complaint has been filed in this action. The lack of a Complaint notwithstanding, on February 21, 2014, Defendant filed an Answer, asserting forty-nine defenses to Plaintiff's action.

## DISCUSSION

I.  Legal Standard for Removal

"The removability of civil actions commenced in state court is governed by 28 U.S.C. § 1441, which permits a case to be removed to federal court only if it 'originally could have been filed in federal court.'" Weinrauch v. New York Life Ins. Co., No. 12 Civ. 5010, 2013 U.S. Dist. LEXIS 8105, at *7 (S.D.N.Y Jan. 15, 2013) (quoting Vera v. Saks & Co., 335 F.3d 109, 113 (2d Cir. 2003)). In deciding a motion to remand, the court "must construe all disputed questions of fact and controlling substantive law in favor of the plaintiff." In re NASDAQ Market Makers Antitrust Litig., 929 F. Supp. 174, 178 (S.D.N.Y. 1996). The "party seeking removal bears the burden of showing that federal jurisdiction is proper," Montefiore Med. Ctr. v. Teamsters Local 272, 642 F.3d 321, 327 (2d Cir. 2011), and "any doubts are to be resolved in favor of remand." Weinrauch, 2013 U.S. Dist. LEXIS 8105, at *8 (citing Lupo v. Human Affairs Int'l, 28 F.3d 269, 274 (2d Cir. 1994)).

Removal jurisdiction is determined on the basis of the state court pleading at the time of removal. See United Food & Commercial Workers Union, Loc. 919 v. CenterMark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994). Although Plaintiff had not served his "Complaint" at the time of removal, the Summons with Notice was the "initial pleading" upon which Defendant filed its removal petition, and the Court will consider that "pleading" in determining the propriety of removal. See Licciardi v. City of Rochester, 2010 WL 44116732, at *2-3 (W.D.N.Y. Oct. 19, 2010).

The "mere presence" of a federal issue in a state claim does not automatically confer federal jurisdiction. Nuzzo v. Verizon New York, Inc., 2004 WL 1872708, at *2 (S.D.N.Y. Aug.

19, 2004). Nor is federal jurisdiction created by reliance on a federal defense. See Rivet v. Regions Bank of La., 522 U.S. 470, 478 (1998). Here, Defendant asserts that there is exclusive federal jurisdiction under Section 4072 of the NFIA.

II. The National Flood Insurance Program

Under the National Flood Insurance Act of 1968, 42 U.S.C. §§4001-4127, "the federal government provides flood insurance subsidies and local officials are required to adopt and enforce various management measures." Palmieri v. Allstate Ins. Co., 445 F.3d 179, 183 (2d Cir. 2006). The NFIA provided for the creation of the National Flood Insurance Program ("NFIP"), which is administered by the Federal Emergency Management Agency ("FEMA") and supported by taxpayer funds, to "pay for claims that exceed the premiums collected from the insured parties." Jacobson v. Metropolitan Property & Cas. Ins. Co., 672 F.3d 171, 174 (2d Cir. 2012) (citation omitted). "Congress has authorized FEMA to 'prescribe regulations establishing the general method or methods by which proved and approved claims for losses may be adjusted and paid for any damage to or loss of property which is covered by flood insurance.'" Id. (quoting 42 U.S.C. § 4019). "This regulatory scheme, including the terms and exact language of the [Standard Flood Insurance Policy ("SFIP")], is recorded in the Code of Federal Regulations." Jacobson, 672 F.3d at 174 (citing 44 C.F.R. §§ 61.1-78.14).

In 1983, FEMA created the Write Your Own ("WYO") program, which allows private insurance companies to issue SFIPs in their own names as "fiscal agent[s] of the Federal Government." 44 C.F.R. § 62.23(a), (g). "Thus, while the private insurance companies administer the federal program, '[i]t is the Government, not the companies, that pays the

claims.'" Jacobson, 672 F.3d at 175 (quoting Palmieri, 445 F.3d at 184) (additional citation omitted). The Defendant here, Selective Insurance Company of New York, is a "WYO Company." 44 C.F.R. § 62.23(b). "A WYO Company issuing flood insurance coverage shall arrange for the adjustment, settlement, payment and defense of all claims arising from policies of flood insurance it issued under the [WYO] Program, based upon the terms and conditions of the Standard Flood Insurance Policy." 44 C.F.R. § 62.23(d).

III. Jurisdiction Under 42 U.S.C. § 4072

In support of his motion to remand, Plaintiff asserts that 42 U.S.C. § 4072 does not confer federal jurisdiction over state law tort claims related to the marketing and sale of a flood insurance policy.[1] This appears to be an open question in the Second Circuit. Neither Plaintiff nor Defendant cites any cases from within this circuit in support of their respective positions. Nor has the Court's independent research found any.

Rather, the state of the law on this topic appears to differ from one circuit to another. In support of his position, Plaintiff cites to numerous cases from the Eastern District of Louisiana as well as the Fifth Circuit's decision in Spence v. Omaha Indemnity Insurance, 996 F.2d 793 (5th Cir. 1993), all of which hold that federal jurisdiction does not exist where an action asserts solely state law tort claims relating to the procurement of flood insurance under the NFIP. See, e.g., Spence, 996 F.2d at 797 ("The regulation relied on by Omaha, read as a whole, plainly evinces an

---

[1] As an alternative argument, Plaintiff also asserts that his state law fraud claim is not preempted by the NFIA. However, in its Memorandum of Law in opposition to the within motion, Defendant expressly states that it "is not predicating its claim [of federal jurisdiction] upon the doctrine of preemption." (Def. Mem. of Law in Opp'n 4.) Accordingly, the Court need not address this issue.

intent to prevent expansion of SFIP coverage through misrepresentations by private parties involved with the program, thereby protecting the government from expanded liability."); Landry v. State Farm Fire & Cas. Co., 428 F. Supp. 2d 531, (E.D. La. 2006) (granting plaintiffs' motion to remand suit alleging state law tort claims); Waltrip v. Brooks Agency, Inc., 417 F. Supp. 2d 768, (E.D. Va. 2006) (finding that federal jurisdiction "does not exist in a lawsuit bringing state law claims of negligence, breach of contract, or fraud relating to the procurement of flood insurance under the NFIP"); Powers v. Autin-Gettys-Cohen Ins. Agency, Inc., No. Civ. A. 00-1821, 2000 WL 1593401, at *4 (E.D. La Oct. 24, 2000) (remanding action alleging state law tort claims on the grounds that "there is no basis for federal jurisdiction since there is not a claim for coverage under the [flood insurance] policy").

However, as Defendant points out, courts in other circuits have reached the opposite result, finding that state tort claims are subject to federal jurisdiction under the NFIP. See, e.g., Van Holt v. Liberty Mut. Fire Ins. Co., 163 F.3d 161, 167 (3d Cir. 1998); Moffett v. Computer Scis. Corp., 457 F. Supp. 2d 571, 588 (D. Md. 2006) (finding that procurement-related claims sounding in state law are subject to jurisdiction under the NFIP); Scritchfield v. Mutual of Omaha Ins. Co., 341 F. Supp. 2d 675, 680 (E.D. Tex. 2004) (same).

Defendant further argues that, although styled as a state tort, Plaintiff's fraud claim still involves an action seeking the recovery of federal funds, which falls within the purview of 42 U.S.C. § 4072. In support of its argument, Defendant cites to a recent Fifth Circuit case, Grissom v. Liberty Mut. Fire Ins. Co., 678 F.3d 397 (5th Cir. 2012), in which the circuit court announced a new test for determining whether FEMA's funds are at stake in an action by an insured. As the Grissom court pointed out, "[t]he NFIP establishes private insurers as 'fiscal agents of the United

States.'" Id. at 402 (quoting 42 U.S.C. § 4071(a)(1)). Accordingly, "[t]he federal government will both indemnify and defend WYO insurers in the program for many insurance and litigation expenses unless the 'litigation is grounded in actions by the [WYO] Company that are significantly outside the scope of this Arrangement, and/or involves issues of agent negligence.'"[2] Grissom, 678 F.3d at 402 (quoting 44 C.F.R. pt. 62, app. A, art. III(D)(3)(a)) (additional citation omitted). The question, as the Grissom court saw it, was "whether there is a presumption FEMA will cover the expenses." Grissom, 678 F.3d at 402.

In reaching its decision, the Grissom court stated as follows:

> We review the Arrangement to identify the presumptive payor. The Arrangement requires companies to notify FEMA of litigation expenses and requires FEMA's Office of the Chief Counsel to ensure the litigation is based on actions within the scope of the Arrangment and does not involve agent negligence. 44 C.F.R. pt. 62 app. A art. III(D)(2)-(3)(a). If an only if FEMA's Chief Counsel, along with the Federal Insurance Administrator, determine "that the litigation is grounded in actions by the Company that are significantly outside the scope of this Arrangement, and/or involves issues of agent negligence" the Federal Insurance Administrator has thirty days to inform the insurer that the litigation expenses (in whole or in part) will not be covered. (D)(3)(a)-(d). Unless FEMA explicitly notifies the insurance company of its intent not to defend or indemnify, FEMA is presumed to pay the litigation expenses and any resulting damages awards.

Id.

Defendant offers the affidavit of Stephen Weber ("Weber"), a Claims Manager in its Flood Processing division, in which Weber avers that Defendant timely reported the within litigation to FEMA immediately after being served. (Weber Aff. ¶ 10.) Weber further states in

---

[2] Interestingly, the cases on which Plaintiff relies also cite to this provision of the NFIP as support for their conclusion that the NFIP does not confer federal jurisdiction over a state law claim. See, e.g., Spence, 996 F.3d at 796-97; Landry, 428 F. Supp. 2d at 534; Powers

his affidavit that Defendant's legal bills for the defense of the within action "have been and will continue to be submitted periodically to FEMA for reimbursement." (Weber Aff. ¶ 11.) Defendant "has not received any correspondence from the Federal Insurance Administrator, FEMA or its Office of General Counsel declaring or even suggesting that this case falls outside the 'scope' of the Arrangement." (Weber Aff. ¶ 12.) Accordingly, under the test set forth by the Fifth Circuit in Grissom, FEMA is presumed to be paying the costs of the within litigation as well as any resulting damages award. As a result, even though Plaintiff alleges a state law claim for fraud, federal funds are indeed at stake in this action.

Based on the foregoing, since federal funds are implicated here, the Court is persuaded that Plaintiff's state law fraud claim falls within the purview of 42 U.S.C. § 4072 such that jurisdiction is proper here.

IV. Jurisdiction Under 28 U.S.C. § 1331

Alternatively, Defendant argues that even if jurisdiction is not proper here under 42 U.S.C. § 4072, federal jurisdiction still exists pursuant to 28 U.S.C. § 1331 because "[i]t is impossible to determine the validity of the Plaintiff's complaint without deciding questions of federal law." (Def. Mem. of Law in Opp'n 13.) According to Defendant, "federal statutes and regulations govern every aspect of the conduct [this action] puts at issue." (Id.)

In Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, 545 U.S. 308 (2005), the Supreme Court held that "in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." Id. at 312 (citing Hopkins v. Walker, 244 U.S. 486, 490-91 (1917)). According to the Court, this doctrine "captures the

commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." Id.

Here, the ultimate determination of Plaintiff's fraud claim will require interpretation of the regulations and statutory provisions governing the NFIP. Plaintiff alleges that Defendant never disclosed that it was acting as an agent for FEMA when it issued his flood insurance policy. It is undisputed that Plaintiff was issued an SFIP by Defendant. Accordingly, the terms of the SFIP will need to be construed in order to determine whether Plaintiff was on notice that he was actually contracting with FEMA when he obtained flood insurance from Defendant. Accordingly, federal jurisdiction is proper here where determination of Plaintiff's claim will require an analysis of federal law.

Moreover, as both parties are aware, this is not the first action by Plaintiff against Defendant. Currently pending before the Court is an action by Plaintiff against Defendant, brought pursuant to the NFIA, challenging Defendant's denial of Plaintiff's flood insurance claim following Hurricane Irene. (Marzocchi v. Selective Ins. Co., No. 12-CV-5800.) Since that action is already before the Court and the within one appears to be related, in that it arises out of the same set of facts, judicial efficiency counsels in favor of retaining jurisdiction over the instant action.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is denied.

**SO ORDERED:**

Dated: Central Islip, New York
May 29, 2014

s/ Leonard D. Wexler
_____
LEONARD D. WEXLER
United States District Judge